IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | | |
|---|---|---|
| MARVIN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:07-0693 |
| | ) | |
| CHARLES T. MILLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs

(Document No. 8.) Having considered Plaintiff's allegations of fact as set forth in his Complaint in

view of applicable law[1], the undersigned concludes that Plaintiff fails to state a claim for which

relief can be granted in this matter and therefore, respectfully recommends that Plaintiff's

Application to Proceed Without Prepayment of Fees be denied and that this matter be dismissed.

FACTUAL BACKGROUND

On October 24, 2007,[2] Plaintiff, acting *pro se* and until recently incarcerated at the

Huttonsville Correctional Center in Huttonsville, West Virginia,[3] filed his Complaint in this matter

claiming entitlement to relief pursuant to 42 U.S.C. § 1983. (Document No.7.) Plaintiff names the

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held
to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Plaintiff originally filed his Complaint in the Northern District of West Virginia. By Order
entered on October 31, 2007, this matter was transferred to the Southern District of West Virginia.
(Document No. 7, pp. 30-31.)

[3] The West Virginia Department of Corrections has informed the Court that Plaintiff
completed his State sentence and was released from custody on June 13, 2008.

following as Defendants: Charles T. Miller, United States Attorney; Karen L. Bleattler, Assistant

United States Attorney; Officers of the United States Marshals Service; and the Charleston West

Virginia Daily Gazette News Publishing Company.[4] Plaintiff alleges that Defendants Miller and

Bleattler falsely arrested and maliciously prosecuted him for failing to register as a sex offender in

violation of 18 U.S.C. § 2250. Plaintiff asserts that Officers of the United States Marshals Service

acted unlawfully in investigating the circumstances underlying the criminal charges against him in

Criminal No. 2:07-0082 and falsely arrested and detained him. Plaintiff asserts that the Charleston

Daily Gazette published false articles concerning Plaintiff's prosecution for failing to register as a

sex offender. Plaintiff concedes that he is a State convicted sex offender, who is required to register

under State law. Plaintiff, however, argues that he is not a federally convicted sex offender, and

---

[4] Claims that actions or conduct of persons acting under color of State law deprived persons of alleged rights, privileges or immunities protected by the Constitution or laws of the United States. may be brought under 42 U.S.C. § 1983. The actions and conduct of federal agencies, officers and employees are not actionable under Section 1983. Rather, tort claims may be maintained against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq.*, to the extent that Congress has waived the sovereign immunity of the United States by that enactment and claims of personal liability for violations of constitutional rights may be maintained against individual Federal officers and employees under *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Because United States Attorney Miller, Assistant United States Attorney Bleattler and Officers of the United States Marshals Service are persons acting under color of federal law, Plaintiff's claims against them are not cognizable under Section 1983. The undersigned therefore will consider them under the Federal Tort Claims Act and *Bivens*. The Charleston Daily Gazette is not a State or federal actor, and therefore Plaintiff's claim against the newspaper does not fall under Section 1983, the Federal Tort Claims Act or *Bivens*. Rather, it amounts to a tort claim of libel under West Virginia law. *See Wilson v. Daily Gazette Co.*, 214 W.Va. 208, 588 S.E.2d 197 (2003). The District Court has supplemental jurisdiction over State law tort claims "that are so related to claims in the action within [the District Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[T]he federal claim must have sufficient substance to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative facts." *United Mineworkers of America v. Gibbs*, 383 U.S. 718, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)(Citation omitted.)

therefore, is not required to register under 18 U.S.C. § 2250. Plaintiff states that he is entitled to

compensation under Section 1983 because the criminal charges brought against him in Case No.

2:07-0082 have been dismissed. Plaintiff seeks $2.5 million in damages. (Document No. 7, pp. 4-

20.)

On April 24, 2007, Plaintiff was charged by Indictment in the Southern District of West

Virginia with failing to register and update his sex offender registration on or about November 24,

2006, in violation of 18 U.S.C. § 2250. (United States v. Smith, Criminal No. 2:07-0082, Document

No. 1.) Plaintiff was in the custody of the State of West Virginia at Huttonsville Correctional Center,

and an Order on Petition for Writ of Habeas Corpus *Ad Prosequendum* was issued on April 25,

2007, commanding the Huttonsville Correctional Center to surrender Plaintiff to the United States

Marshal in this District on May 10, 2007, in order that he may attend a hearing. (Id., Document No.

7.)[5] On May 10, 2007, Plaintiff appeared with Court appointed counsel, Edward H. Weis, Assistant

Federal Public Defender, for his initial appearance and arraignment before United States Magistrate

Judge Mary E. Stanley. (Id., Document Nos. 12 and 13.)[6] On May 24, 2007, defense counsel filed

a Motion to Dismiss Indictment arguing that the Sex Offender Registration and Notification Act

[SORNA], 18 U.S.C. § 2250, did not apply to Plaintiff on or about November 24, 2006. (Id.,

---

[5] Orders on Petitions for Writs of Habeas Corpus *Ad Prosequendum* were also issued to assure Plaintiff's attendance at a pretrial motions hearing and trial. (*United States v. Smith*, Criminal No. 2:07-0082, Document Nos. 20 and 22.) "[T]he federal writ of habeas corpus *ad prosequendum* merely loans the prisoner to federal authorities. . . . Principles of comity require that when the writ of habeas corpus *ad prosequendum* is satisfied, the receiving sovereign return the prisoner to the sending sovereign." *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998).

[6] It appears that the United States Marshals Service executed a warrant that had been issued for Plaintiff's arrest on May 10, 2007, when United States Marshals took Plaintiff into custody in order to bring him to the hearing before United States Magistrate Judge Stanley on that date. (*United States v. Smith*, Criminal No. 2:07-0082, Document No. 16.)

Document Nos. 25 and 26.) By Memorandum Opinion and Order entered on June 13, 2007, United States District Judge Joseph R. Goodwin granted Plaintiff's motion to dismiss ruling that SORNA was not retroactive as of November, 2006, and therefore, the Act could not have applied to Plaintiff. (Id., Document No. 38.)

On August 13, 2007, Plaintiff filed a Section 1983 action in the United States District Court for the Southern District of West Virginia alleging false arrest and malicious prosecution. (Case No. 2:07-0498, Document No. 2.) Plaintiff named the following as defendants: (1) The Office of the United States Attorneys; (2) Charles T. Miller, United States Attorney; and (3) Karen L. Bleattler, Assistant United States Attorney. (Id.) Specifically, Plaintiff alleged that the defendants violated his constitutional rights by prosecuting him in Criminal No. 2:07-0082 for failure to register as a sex offender in violation of 18 U.S.C. § 2250. (Id.) United States Magistrate Judge Stanley submitted her Proposed Finding and Recommendation on September 26, 2007, recommending dismissal of Plaintiff's Complaint for failure to comply with a pre-filing injunction entered on February 20, 2002, by United States District Judge Charles H. Haden, in Smith v. Members of the Metro Drug Unit, No. 2:00-1215 (S.D. W.Va. Feb. 20, 2002). (Id., Document No. 7.) On October 2, 2007, Plaintiff timely filed his objections. (Id., Document No. 8.) Subsequently, the District Court remanded the case for further analysis based upon the merits of the case. (Id., Document No.9.) Magistrate Judge Stanley entered her second Proposed Finding and Recommendation on October 12, 2007, recommending that the case be dismissed based upon absolute prosecutorial immunity. (Id., Document No. 10.) Plaintiff timely filed his objections on October 19, 2007.[7] (Id., Document No. 11.) By Memorandum

---

[7] The Court notes that Plaintiff filed the instant action on October 24, 2007, in the Northern District of West Virginia.

Opinion and Order entered on November 30, 2007, United States District Judge John T. Copenhaver

adopted Judge Stanley's recommendation and dismissed Plaintiff's case. (Id., Document Nos. 13

and 14.)

## ANALYSIS

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity. On

screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious

or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is

based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct.

1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact."

Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim

lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490

U.S. at 327, 109 S.Ct. at . A claim lacks an arguable basis in fact when it describes "fantastic or

delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to

state a claim upon which relief can be granted factually when it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With

these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.[8]

## I.    Claims against Defendants Miller and Bleattler.

The preclusive effects of the doctrines of *res judicata* and collateral estoppel are designed

to promote judicial economy, encourage reliance on judicial decisions, and relieve parties from the

---

[8] The undersigned notes that Plaintiff has been a frequent litigator in this Court having
initiated 64 other actions in this District since December, 1994.

expense of multiple lawsuits. See Parklane Hosiery Co. Inc. v. Shore, 439 U.S. 322, 326, 99, S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); Wright & Miller, § 131.12[4][a]. "Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Young-Henderson v. Spartanburg Area Mental Health Center, 945 F.2d 770, 773 (4th Cir. 1991)(*quoting*, Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Collateral estoppel "precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." In re McNallen, 62 F.3d 619, 624 (4th Cir. 1995). The doctrine of *res judicata* applies if the following elements are satisfied: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and present suit; and (3) an identity of the parties or their privies." Pueschel v. U.S., 369 F.3d 345, 354-55 (4th Cir. 2004). The Court will consider the above-referenced elements in determining whether the prior judgment entered by the United States District Court for the Southern District of West Virginia precludes Plaintiff's claims against Defendants Miller and Bleattler.

First, the undersigned finds that there was a final judgment on the merits in Plaintiff's prior action. (Case No. 2:07-0498, Document Nos. 13 and 14.) Magistrate Judge Stanley submitted her second Proposed Findings and Recommendation on October 12, 2007. (Id., Document No. 10.) On October 19, 2007, Plaintiff timely filed his objections to the Findings and Recommendation. (Id., Document No. 11.) On November 30, 2007, District Judge Copenhaver adopted the Findings and Recommendations of Magistrate Judge Stanley and dismissed Plaintiff's Complaint for failure to state a claim upon which relief can be granted. (Id., Document Nos. 13 and 14.) Plaintiff did not file an appeal with the Fourth Circuit Court of Appeals.

Next, the Court finds that the cause of action in both the earlier suit and the present suit are the same. Lawsuits are deemed to have the same cause of action if the two suits "arise from the same transaction or series of transactions or the same core of operative facts." Harnett v. Billman, 800 F.2d 1308, 1312 n. 1 (4th Cir. 1986); see also Sullivan v. Easco Corp., 662 F. Supp. 1396, 1408 (1987)("Two causes of action are deemed the same for the purposes of *res judicata* only if the same evidentiary facts would support both actions."). Identical to Plaintiff's prior suit, Plaintiff bases his present suit upon the allegation that he was falsely arrested and maliciously prosecuted in Criminal No. 2:07-0082 for failing to register as a sex offender. (Case No. 2:07-0498, Document No. 2 and Case No. 2:07-0693, Document No. 7.) With the exception of a three-page addition concerning allegations against Magistrate Judge Stanley for malicious prosecution, the present Complaint is identical to Plaintiff's Complaint filed in Case No. 2:07-0498. (Case No. 2:07-0693, Document No. 7, pp. 10-12.) Therefore, the undersigned finds that Plaintiff's claims against United States Attorney Miller and Assistant United States Attorney Bleattler in Case No. 2:07-0498 arise out of the same circumstances and are therefore the same as his claims in the present case.

Finally, the undersigned finds that Plaintiff's prior action and the present action involve identical parties. As he does in this case, Plaintiff named Charles T. Miller and Karen Bleattler as Defendants in Case No. 2:07-0498.

Based on the foregoing, the undersigned finds that Plaintiff's present action against Defendants Miller and Bleattler is barred by the doctrine of *res judicata*. The prior lawsuit (1) was a final judgment on the merits, (2) involved the same causes of action, and (3) involved the same parties. The Court further finds that Plaintiff had a full and fair opportunity to litigate the claims in

his prior action brought before this Court. The undersigned notes that it appears Plaintiff attempted

to reassert his claims by filing the present action in the Northern District of West Virginia after

receiving Magistrate Judge Stanley's second Proposed Finding and Recommendation of the

dismissal of his case.

## II.     Claims Against Officers of the United States Marshals Service.

Several Circuits have established that law enforcement officers are entitled to absolute

"quasi-judicial" immunity in executing facially valid arrest warrants and writs. See Zamora v. City

of Belen, 383 F.Supp.2d 1315, 1325 - 1326 (D.N.M. 2005). The Fourth Circuit has held that "[A]

public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially

valid warrant. At most, such an official can be pursued through a cause of action for malicious

prosecution." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998); Brooks v. City of Winston-

Salem, 85 F.3d 178, 181 - 182 (4th Cir. 1996). When officer make an arrest subject to a warrant, even

if probable cause is lacking, they are entitled to qualified immunity unless "the warrant application

is so lacking in indicia of probable cause as to render official belief in its existence unreasonable."

Malley v. Briggs, 475 U.S. 335, 344 - 345, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271 (1986).

Officers of the United States Marshals Service took Plaintiff into custody pursuant to an

arrest warrant and writs issued by the District Court on the basis of an Indictment returned by the

federal grand jury. The arrest warrant and writs were issued in the ordinary course of federal

criminal proceedings. The undersigned finds nothing in the record in United States v. Smith,

Criminal No. 2:07-0082, suggesting that Officers of the United States Marshals Service who

executed the arrest warrant and writs had any reasonable basis to question the validity of the warrant

and the writs as they were  issued by the District Court.  Accordingly, the  Officers  of the United

8

States Marshals  Service who participated in Plaintiff's arrest and detention in federal custody are

immune from suit, and Plaintiff's claims against them should therefore be dismissed.

**III.      Claims Against the Charleston Daily Gazette.**

Plaintiff alleges that the Charleston Daily Gazette published an article allegedly containing

false information concerning Plaintiff's prosecution in Case No. 2:07-cr-00082 for his failure to

register as a sex offender. (Case No. 2:07-0693, Document No. 7, pp. 12, 16-17.) The undersigned

concludes that Plaintiff has failed to state a claim upon which relief can be granted. Under Section

1983, liability attaches only to conduct occurring under color of State law. Conduct constituting

State action under the Fourteenth Amendment satisfies this requirement. Lugar v. Edmondson Oil

Co., 457 U.S. 922 935 n. 18, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Private conduct constitutes

State action only if it is "fairly attributable to the State." Id. at 937, 102 S.Ct. 2744; see also Scott

v. Hern, 216 F.3d 897, 906 (10th Cir. 2000). This requirement is satisfied if two conditions are met:

(1) "the deprivation must be caused by the exercise of some right or privilege created by the State

or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and

(2) the private party charged with the deprivation "must be a person who may fairly be said to be

a state actor. This may be because he is a state official, because he has acted together with or has

obtained significant aid from state officials, or because his conduct is otherwise chargeable to the

State." Lugar, 457 U.S. at 937, 102 S.Ct. 2744. The Charleston Daily Gazette's alleged misconduct

of printing false or inaccurate information concerning criminal charges brought against Plaintiff,

does not satisfy the above test. Therefore, viewing Plaintiff claims against the Charleston Daily

Gazette as falling under Section 1983 or <u>Bivens</u>[9], Plaintiff's claims against the Charleston Daily

Gazette must be dismissed for failure to state a claim upon which relief can be granted. Viewing

Plaintiff's claims against the Charleston Daily Gazette as constituting a tort claim of libel under

West Virginia law, the District Court cannot consider it under its supplemental jurisdiction because,

as the undersigned finds herein, Plaintiff has failed to state any other claim for which relief can be

granted over which the District Court has original jurisdiction.

**III.    <u>Claims against United States Magistrate Judge Stanley</u>.**

Although Plaintiff does not name Magistrate Judge Stanley as a Defendant, the Court will

address Plaintiff's allegations against her. Specifically, Plaintiff's Complaint alleges that Magistrate

Judge Stanley engaged in malicious prosecution by arraigning Plaintiff on frivolous criminal charges

in Case No. 2:07-cr-00082. (Case No. 2:07-0693, Document No. 7, pp. 10-12.) The doctrine of

judicial immunity "attaches even if the act in question was in excess of [the judge's] authority."

<u>Jackson v. Houck</u>, 181 Fed. App'x 372, 372 (4th Cir. 2006) (*quoting* <u>Mireles v. Waco</u>, 502 U.S. 9,

12-13 (1991)). "Few doctrines were more solidly established at common law than the immunity of

---

[9] A *Bivens* action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *See also Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending *Bivens* to Eighth Amendment claims); *Davis v. Passman*, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending *Bivens* to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A *Bivens* action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under *Bivens* must show the violation of a valid constitutional right by a person acting under color of federal law. Clearly, because the Charleston Daily Gazette does not act under color of federal law, *Bivens* does not apply to Plaintiff's claims against the Charleston Daily Gazette.

judges from liability for damages for acts committed within their judicial jurisdiction, as this Court

recognized when it adopted the doctrine in Bradley v. Fisher, 20 L. Ed. 646 (1872)." Imbler v.

Patchman, 424 U.S. 409, 419 (1976). "This immunity applies even when the judge is accused of

acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt

judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to

exercise their functions with independence and without fear of consequences." Id. (adopting doctrine

of absolute judicial immunity in Section 1983 actions) (internal citation omitted). Absolute

immunity "applies to all acts of auxiliary court personnel that are basic and integral part[s] of the

judicial function." Id. at 372 (*quoting* Sindram v. Sudu, 986 F.2d 1459, 1461 (D.C. Cir. 1993)).

Jackson, 181 Fed. App'x at 372. This formulation "enables the immunity to operate where the need

for liability in damages is low and the need for a backstop to judicial immunity high." Id. Based on

the allegations contained in the Complaint, the undersigned finds that Magistrate Judge Stanley is

absolutely immune from suit under Section 1983. The Court notes that judges have absolute

immunity for their judicial acts, which includes conducting arraignments. Accordingly, to the extent

Plaintiff is asserting a claim against Magistrate Judge Stanley, Plaintiff's claim must be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and

accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's

Applications to Proceed Without Prepayment of Fees and Costs (Document No. 8), **DISMISS**

Plaintiff's Complaint (Document No. 7.), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby

**FILED**, and a copy will be submitted to the Honorable Chief United States District Judge Joseph

11

R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief Judge Goodwin and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: June 19, 2008.

R. Clarke VanDervort
United States Magistrate Judge

12